# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GONZALEZ, | 1:11cv1460 LJO GSA |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE (Document 9) |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, | ORDER RE: STIPULATION FOR THE FILING OF PLAINTIFF'S BRIEF |
| Defendant. | |

On August 30, 2011, Plaintiff filed the present action for judicial review of the denial of his Social Security benefits. On May 30, 2012, the Court issued an order to show cause (OSC) why sanctions should not be imposed for Plaintiff's failure to file an opening brief by May 23, 2012. On May 31, 2012, Plaintiff filed a stipulation for an extension of time to submit the opening brief. (Doc. 18). Plaintiff also filed, on June 6, 2012, a response to the OSC. (Doc. 19).

In the stipulation and the response, Plaintiff's counsel explained that she failed to file the opening brief because her law firm has been experiencing computer problems. Specifically, Plaintiff's counsel advises that she did not receive Defendant's e-mailed response to the confidential letter brief as scheduled. On May 29, 2012, Plaintiff's counsel contacted Defendant and realized that the response to the confidential letter brief did not reach her because of the computer problems. Plaintiff proceeds to advise the court of a myriad of computer problems that her law firm has experienced over the last several months.

Although the Court is sympathetic to counsel's computer problems, the response filed fails to address why the May 23, 2012 deadline was missed. For example, the fact that Defendant's response

to the confidential letter brief did not reach Plaintiff's counsel until after May 29, 2012 is of no consequence because this is after Plaintiff's May 23, 2012 deadline. Counsel should have advised the Court of any delays on or before the date her opening brief was due regardless of Defendant's actions. This is particularly true given that the May 23, 2012 deadline was already extended at Plaintiff's request. (Docs. 15 and 16). Additionally, the fact that counsel was experiencing computer problems also does not address her failure to follow this Court's orders because it should be standard practice for an attorney to keep a hand written calendar to track dates and deadlines in addition to any computerized calendar. If Counsel has not already done so, she should consider implementing this alternative calendaring system to avoid future violations of this Court's orders as this explanation will not be accepted in the future.

Notwithstanding the above, the Court will vacate the Order to Show Cause in this instance since opposing counsel has stipulated to an extension. Additionally, Plaintiff's counsel is advised that she should carefully proof read her pleadings prior to their submission. The first line of the stipulation and proposed order submitted on May 31, 2012, indicates Plaintiff is requesting a ten day extension. However, the last paragraph of the pleading indicates she is requesting a twenty day extension and proposes a new filing date of June 12, 2012. (Doc. 18 at 1, lines 14-15 and pg. 2, at lines 16-21). In the most recent response to the Order to Show Cause, Plaintiff's counsel proposes yet another deadline of June 8, 2012. (Doc. 19 at pg. 2, line 13). Since the Response to the Order to Show Cause is the most recent request, the Court will adopt that date.

Based on the foregoing, the order to show cause is hereby DISCHARGED. Plaintiff's request for an extension of time is GRANTED. Plaintiff shall file the opening brief no later than **June 8, 2012.** Any further stipulations regarding the filing of Plaintiff's opening brief will be looked upon with disfavor.

IT IS SO ORDERED.

   Dated:   **June 7, 2012**          /s/ **Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE